UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| LARRY JENKINS,<br><br>　　　　　Petitioner,<br><br>　　　　　v.<br><br>JAMES HILL, ACTING WARDEN,[1]<br><br>　　　　　Respondent. | Case No. 2:23-cv-09325-FLA (DTB)<br><br>**ORDER TO SHOW CAUSE** |

On November 2, 2023, the Court received from petitioner a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254, which appears to assert two grounds for relief. (Dkt. 1 [the "Petition"].) The Petition was dated October 25, 2023. Included with the Petition were various attachments ("Pet. Att.") including a "Petition for Resentencing" addressed to Los Angeles Superior Court, also dated October 25, 2023, which appears to raise the same general claims

---

[1]　Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, and Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, James Hill, Acting Warden of Richard J. Donovan Correctional Facility, in San Diego, California, where petitioner currently is incarcerated, is hereby substituted as the proper respondent in this case.

for relief. (Pet. Att. at 1-3.) On December 18, 2023, the Court issued its Order Requiring Response to Petition. (Dkt. # 6.) On December 26, 2023, petitioner filed a Request to Proceed Without Prepayment of Filing Fee (Dkt. # 8), which the Court granted on January 9, 2024 (Dkt. # 9). On February 16, 2024, after one extension of time, respondent filed a Motion to Dismiss ("Motion") (Dkt. # 14). As petitioner had not yet filed an opposition to the Motion, on April 2, 2024, the Court issued a Minute Order, *sua sponte*, extending petitioner's time within which to do so. (Dkt. # 18.) On April 23, 2024, the Court received its April 2, 2024 Minute Order returned from the institution marked as "Return to Sender Inactive." (Dkt. # 19.) On April 25, 2024, the Court issued an Order to Show Cause re petitioner's address. (Dkt. # 20.)

The Court has been advised by staff at Richard J. Donovan Correctional Facility that petitioner passed away on April 15, 2024. If, in fact, it is true that petitioner is deceased, this unfortunate fact would render the Petition moot and, therefore require dismissal of the action. See, e.g., McMann v. Ross, 396 U.S. 813 (1969) (per curiam) (dismissing as moot habeas petition due to death of petitioner); Garceau v. Woodford, 399 F.3d 1101 (9th Cir. 2005); Griffey v. Lindsey, 349 F.3d 1157 (9th Cir. 2003); see also Boling v. Langford, No. 19-55271, 2020 WL 5353296 (9th Cir., June 5, 2020) (recommending district court dismiss pending habeas petition on the basis of mootness, as a result of petitioner's death, citing McMann and Griffey).

Therefore, respondent is ordered to show cause, no later than **May 10, 2024**, as to why this action should not be dismissed as moot pursuant to the above authority.

Dated: April 26, 2024

DAVID T. BRISTOW
United States Magistrate Judge